UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE CLINTON,<br><br>    Plaintiff,<br><br>    v.<br><br>HENDRICKS & LEWIS, PLLC, *et al.*,<br><br>    Defendant. | Case No. C11-1142RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OR, IN THE ALTERNATIVE, TO TRANSFER |

This matter comes before the Court on "Plaintiff's Motion to Dismiss Defendants' Counterclaims or, in the Alternative, to Transfer Such Counterclaims to the U.S. District Court for the Central District of California." Dkt. # 34. Having reviewed the memoranda and exhibits submitted by the parties and having taken judicial notice of the documents related to the judgement enforcement proceedings in the Central District of California, the Court finds as follows:

## BACKGROUND

In 2009, defendants initiated an arbitration action seeking payment of legal fees due and owing from plaintiff under a client engagement letter. The arbitrator awarded fees to Hendricks & Lewis, which filed a petition to confirm the arbitration

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIMS OR, IN THE
ALTERNATIVE, TO TRANSFER -1-

1  award in the Western District of Washington.  The Honorable John C. Coughenour
2  granted Hendricks & Lewis' petition for confirmation of the arbitration award in the
3  amount of $1,675,639.82 on May 27, 2010.  <u>Hendricks & Lewis v. Clinton</u>, C10-
4  0253JCC, Dkt. # 31-33.  A second judgement was entered in favor of Hendricks &
5  Lewis and against plaintiff for attorney's fees in the amount of $60,786.50.  <u>Hendricks &
6  Lewis v. Clinton</u>, C10-0253JCC, Dkt. # 43.

7        Hendricks & Lewis registered the larger of the two judgments in the
8  United States District Court for the Central District of California pursuant to 28 U.S.C.
9  § 1963.  Defendant filed an action in the Central District of California in which it sought
10 to have Clinton's royalty streams from entities such as Capitol Records assigned to
11 Hendricks & Lewis in an attempt collect on the judgment.  The Honorable Otis D.
12 Wright II denied Hendricks & Lewis' motion for assignment of royalties on September
13 27, 2011.  That denial is now on appeal to the Ninth Circuit.  In the interim, plaintiff
14 filed the above-captioned matter asserting claims against Hendricks & Lewis for:  (1) a
15 declaration regarding the scope of the agreement to arbitrate; (2) legal malpractice;
16 (3) fraudulent inducement; and (4) negligent misrepresentation.  Hendricks & Lewis
17 counterclaimed for assignment and judicial sale of four copyrights owned by Clinton to
18 pay the judgments previously entered in this district.  Clinton seeks dismissal of the
19 counterclaim on the ground that Hendricks & Lewis should not be permitted to seek the
20 same relief in two different courts.  In the alternative, plaintiff requests that the Court
21 sever the counterclaims and transfer them to the Central District of California for
22 consolidation with the previously-filed action under Fed. R. Civ. P. 21 and 28 U.S.C.
23 § 1404 and § 1406.

24

25 ORDER DENYING PLAINTIFF'S MOTION
   TO DISMISS COUNTERCLAIMS OR, IN THE
26 ALTERNATIVE, TO TRANSFER  -2-

**DISCUSSION**

**A. Motion to Dismiss**

Clinton does not challenge the adequacy of the pleading or argue that a claim for assignment and judicial sale of copyrights is not legally cognizable. Rather, Clinton asserts an affirmative defense to the counterclaim, namely that a previously-filed action bars defendant's efforts to execute the judgments entered in its favor. Plaintiff therefore has the burden of proving that the claim is duplicative of the previously-filed California action. He has not done so.

A judgment creditor may enforce a judgment through one or more supplemental collection proceedings filed anywhere the judgment debtor has property subject to levy. Each of these proceedings will seek the same relief, *i.e.*, the collection of money or assets to satisfy the outstanding judgment. That does not, however, mean that every attempt to assert the rights of a judgment creditor is "duplicative" for purposes of the prohibition against claims splitting and/or the doctrine of *res judicata*. Otherwise judgment debtors who hold assets in multiple jurisdictions could force a creditor to chose one district in which to seek execution and forego any amounts that cannot be recovered in that district. Similarly, an attempt to execute on a single asset in the forum would preclude subsequent attempts to execute on other, later-identified property. Such limitations would frustrate the enforcement of federal judgments.

The Court will assume, for purposes of this motion, that *res judicata* and claim splitting can apply to supplemental collection proceedings. If, for example, Hendricks & Lewis had filed a second claim for assignment of the same royalty streams under California law after Judge Wright denied the initial claim, the second court would

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIMS OR, IN THE
ALTERNATIVE, TO TRANSFER  -3-

1  likely dismiss the claim as duplicative under the criteria set forth in <u>Adams v. Cal. Dep't
2  of Health Servs.</u>, 487 F.3d 684, 688 (9th Cir. 2007):

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

None of these criteria are satisfied in the circumstances presented here, however. Judge Wright's determination that Hendricks & Lewis was not entitled to the assignment of royalties under California law will not be disturbed regardless of how this Court rules on defendant's request for assignment and judicial sale of four specific copyrights. The law and facts in the two actions will differ significantly. The California action was based on California law and required evidence regarding royalty streams subject to judicial action in California. This case, on the other hand, will require defendant to show that it is entitled to the assignment of different assets (the four copyrights) and that judicial sale of those assets is appropriate under Washington law. In addition, Hendricks & Lewis will have to show how much has already been recovered from Clinton to ensure that there is no double recovery.

Although most attempts to enforce a judgment arise out of the same transactional nucleus of facts (namely, the entry of judgment) and seek recovery for the same wrong (failure to pay the judgment), in this case even the third and fourth criteria do not support a finding of *res judicata* or claim splitting. Defendant has two judgments outstanding against plaintiff, only one of which was the subject of the California action. In this case, Hendricks & Lewis seeks to collect on both judgments. Thus, the

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIMS OR, IN THE
ALTERNATIVE, TO TRANSFER  -4-

transactional nucleus of facts and the right that has been infringed differ.

For all of the foregoing reasons, Clinton has not shown that the counterclaim is duplicative of the California action.  Dismissal is not, therefore, warranted.

**B.  Motion to Transfer**

Clinton makes no effort to show that venue in this district (which he chose as plaintiff in this matter) is improper.  The mere fact that the Central District of California was an appropriate venue for defendant's attempt to collect royalty payments owed by certain entities tells us nothing about the propriety of bringing the pending counterclaim in this district.  Given the absence of any supporting facts, the Court finds that transfer is not appropriate under Fed. R. Civ. P. 21 or 28 U.S.C. § 1404 or § 1406.

Plaintiff's motion to dismiss or, in the alternative, to transfer (Dkt. # 34) is DENIED.

DATED this 27th day of February, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS COUNTERCLAIMS OR, IN THE
ALTERNATIVE, TO TRANSFER  -5-