UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE CLINTON,<br><br>  Plaintiff,<br><br>  v.<br><br>HENDRICKS & LEWIS, PLLC, *et al.*,<br><br>  Defendant. | Case No.  C11-1142RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendants' Motion For Summary Judgment on Plaintiff's First and Second Claims." Dkt. # 36. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having considered the related arbitration and confirmation proceedings, the Court finds as follows:

## **BACKGROUND**

In May 2005, plaintiff entered into an agreement with Hendricks & Lewis pursuant to which the law firm agreed to provide legal services to plaintiff on various pending and prospective matters. Hendricks & Lewis thereafter represented plaintiff in an action in the Central District of California against Universal Music Group, Inc. (the "UMG action") and considered whether to add Charly Records as a defendant in another lawsuit (the "Funkadelic action") that was also pending in the Central District of

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1  California. Hendricks & Lewis withdrew from all pending matters in the summer of
2  2008 and formally notified plaintiff that it was terminating their relationship on August
3  8, 2008.

4  In 2009, Hendricks & Lewis initiated an arbitration action seeking
5  payment of legal fees due and owing from plaintiff under the client engagement letter.
6  After the arbitrator had awarded fees to Hendricks & Lewis, plaintiff objected to the
7  proceeding because it had not been conducted in compliance with California's
8  Mandatory Fee Arbitration Act. The arbitrator found the objections to be untimely and
9  issued a final award against plaintiff and in favor of defendants.

10  Defendants then filed a petition in district court to confirm the arbitration
11  award. In that proceeding, plaintiff argued that California law applied to the fee dispute
12  and that the underlying contract was unenforceable because Hendricks & Lewis had not
13  given plaintiff notice of his rights under the Mandatory Fee Arbitration Act. Hendricks
14  & Lewis v. Clinton, C10-0253JCC, Dkt. # 17 at 18; Dkt. # 19 at 14. The Honorable
15  John C. Coughenour agreed that California law applied, but rejected plaintiff's various
16  Mandatory Fee Arbitration Act arguments. Defendants' petition for confirmation of the
17  arbitration award was granted on May 27, 2010. Hendricks & Lewis v. Clinton, C10-
18  0253JCC, Dkt. # 31.

19  On July 11, 2011, plaintiff filed the above-captioned matter. Plaintiff
20  alleges that defendants committed legal malpractice when they (1) failed to negotiate a
21  licensing agreement with or file suit to enforce plaintiff's copyrights against Charly
22  Records and (2) mishandled the filing and prosecution of the UMG action. In addition,
23  plaintiff seeks a declaration that the parties did not agree to arbitrate his legal

26  ORDER GRANTING DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT    -2-

malpractice claims.[1]  Defendants argue that the malpractice claims are barred by California's one year statute of limitation and/or the doctrine of *res judicata*, making the request for declaratory judgment moot.

## DISCUSSION

Because the remedies available in a legal malpractice action vary under Washington and California law, the Court must determine which law applies to plaintiff's malpractice claims.  The Court finds that California law governs because it has the most significant relationship to the specific malpractice allegations asserted by plaintiff.  Although the overall relationship between plaintiff and defendants is centered in Washington, the specific legal work at issue occurred primarily in California in connection with the UMG and Funkadelic actions, and any adverse legal rulings were incurred there.  Plaintiff may not now take the position that, because Hendricks & Lewis is a Washington firm, the legal work in question was actually performed in Washington: plaintiff successfully argued the opposite in the confirmation proceeding (Hendricks & Lewis v. Clinton, C10-0253JCC, Dkt. # 31 at 3) and may not gain an advantage here by taking a clearly inconsistent position (Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)).

Legal malpractice claims are subject to a one year statute of limitations in California.  Cal. Code Civ. Pro. § 340.6(a).  The limitations period is subject to the discovery rule and commences when plaintiff is no longer represented by the alleged tortfeasor and "suffers an adverse judgment or order of dismissal in the underlying action on which the malpractice action is based."  Laird v. Blacker, 828 P.2d 691, 692 (1992).

---

[1] The Court has already determined that the parties' agreement to arbitrate fee issues arising under the terms of the client engagement letter necessarily included an agreement to arbitrate challenges to the validity of the contract itself.  Dkt. # 31.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -3-

1   The limitations period is not tolled by appeals in the underlying action.  Id.

2   This action was filed on July 11, 2011, more than one year after both of
3   plaintiff's malpractice claims accrued.  Plaintiff knew by August 8, 2008, at the latest,
4   that Hendricks & Lewis would not negotiate a license with or file suit against Charly
5   Records.  Plaintiff's allegations also show that judgment was entered against him in the
6   UMG action in 2008, by which time he was aware of the multiple defects in the
7   prosecution alleged in his complaint.  Plaintiff offers no argument or facts that would toll
8   or otherwise extend the limitations period under California law.[2]

10   For all of the foregoing reasons, defendants' motion for summary
11   judgment (Dkt. # 36) is GRANTED.  Plaintiff's legal malpractice claim is barred by the
12   applicable statute of limitations.  Plaintiff's request for declaratory judgment regarding
13   the scope of the arbitration agreement is DENIED as moot.  The Clerk of Court is
14   directed to enter judgment in favor of defendants and against plaintiff.

Dated this 30th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Because plaintiff's malpractice claims are barred by the applicable statute of limitations, the Court need not determine whether the claims are also barred by the doctrine of *res judicata*.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT         -4-